In the Matter of H. N. KAHULU, District Judge of Ewa, Oahu.

COMPLAINT FOR MALFEASANCE.

JANUARY TERM, 1885.

JUDD, C. J.; McCULLY AND AUSTIN, JJ.

Alleged malfeasance of a District Judge reviewed.

OPINION OF THE COURT, BY McCULLY, J.

INFORMATION by the Attorney-General charging that the above-named officer " has committed offenses in his official capacity, such as render him totally unfit to hold the position of District Justice as aforesaid." The specific charges are of corruptly demanding and receiving $12.50 from a plaintiff for whom he had rendered a judgment for $200, and for refusing to return $4, deposited with him for an action which was never brought. Also for repeated and long-continued absences from his district for periods of three successive weeks at various times, whereby it was rendered impracticable to bring civil or criminal business before him ; and generally for willful neglect, incompetency and unfitness to hold the office. This proceeding is had by authority of amended Sec.

914, page 267, Compiled Laws, and the prayer of the complaint is that the Magistrate be dismissed from office.

In respect to the first charge the respondent offers his own testimony and that of J. M. Poepoe, Esq., an attorney-at-law, to show that this amount, which equals the attorneys' commissions as taxed by law in assumpsit, was demanded and received by Poepoe from the plaintiff, anticipating its collection from the defendant. It was ill advised of the magistrate to concern himself between attorney and client in demanding or collecting fees. His name is attached to the receipt as if he had received this sum, and he went to plaintiff's store to ask or demand it. We give him the benefit of his evidence and find him guilty only of gross indiscretion and not of fraud.

Respecting the item of four dollars, received as costs, the defendant claims that two dollars of it was required for execution (perhaps on the judgment for $200, as the case was for the same plaintiff), and that he told the plaintiff he would pay him the remaining two dollars, but that his money was all at Ewa, and the demand was made on him in Honolulu. This appears to us to be an evasion.

We have examined the plaintiff's accounts at large and called on him to explain various discrepancies appearing in them and further appearing by comparison with accounts kept by the Deputy Sheriff. His explanations are evasive and unsatisfactory. His method of keeping accounts is such that fraud cannot be detected. He fails to make entries of cases where costs are received and the case may be withdrawn by settlement out of Court. We are unable to understand the course of his receipts from the beginning up to his return to the Public Auditor. In respect to a fraudulent detention of any money we are left in doubt, and we may say unfavorable doubt, but cannot affirm that any item of fraud is proved.

In regard to the charge of absence from his district to such an extent as to impair the right of the community of that district to have a Court for civil and criminal business, we find it to be well sustained by proofs. The respondent's own admissions go far toward supporting the charge. He says he could not procure a dwelling in the district until lately. We cannot admit his excuse

as sufficient for the long continuous absences. He was bound, by accepting office, to be in his district at least on stated days of each week at some known, and, if possible, convenient locality. But he is further shown to have failed to attend at the day appointed for trials, whereby numbers of persons were kept waiting for him till afternoon and left the place without doing their business.

It was also made to appear that he charged unusual and inadmissible items as costs, charging ten cents for the blanks used for subpœnas, summons, etc., and in the case of delinquent taxpayers charging one dollar in the nature of commissions.

From this sketch it appears that there are many delinquencies and errors of this magistrate to be condemned.

It is possible to take a charitable view of his conduct and to find that he is not guilty of fraud or of willful neglect of duty. He has but two months now remaining of his term of two years. There can be no judgment of suspension from office, for the law does not provide for it, moreover the office cannot be left vacant. In view of the brief time remaining, and of the consideration that the examination now had with the instruction and censure of the Court upon the irregularities and deficiencies discovered, may correct the irregularities of his administration ; we are of opinion that the public service will not suffer by allowing the respondent to continue in office till April, when his commission expires, leaving it then to the appointing power to consider, upon his past record and his conduct during the remaining time, whether it will be advisable to renew his commission.

*Antone Rosa*, for the complainant.

*J. M. Poepoe* and *W. L. Holokahiki*, for the respondent.

Honolulu, January 26, 1885.